**MITRA EBADOLAHI** (SBN 275157) (mebadolahi@aclusandiego.org)
**BARDIS VAKILI** (SBN 247783) (bvakili@aclusandiego.org)
**SARAH THOMPSON** (SBN 323188) (sthompson@aclusandiego.org)
**DAVID LOY** (SBN 229235) (davidloy@aclusandiego.org)
**ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES**
P.O. Box 87131
San Diego, CA 92138-7131
Telephone: (619) 398-4187

Counsel for Plaintiff-Petitioners

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jacinto Victor ALVAREZ, Joseph BRODERICK, Marlene CANO, Jose CRESPO-VENEGAS, Noe GONZALEZ-SOTO, Victor LARA-SOTO, Racquel RAMCHARAN, George RIDLEY, Michael Jamil SMITH, Leopoldo SZURGOT, Jane DOE, on behalf of themselves and those similarly situated.<br>　　　Plaintiff-Petitioners,<br><br>v.<br><br>Christopher J. LAROSE, Senior Warden, Otay Mesa Detention Center,<br><br>Steven C. STAFFORD, United States Marshal for the Southern District of California,<br><br>Donald W. Washington, Director of the United States Marshals Service.<br>　　　Defendant-Respondents. | CASE NO. 3:20-cv-00782-DMS-AHG<br><br>**DECLARATION OF MITRA EBADOLAHI IN SUPPORT OF PLAINTIFF-PETITIONERS' FIRST RESPONSE TO DEFENDANT-RESPONDENTS' MOTION TO DENY PETITION FOR HABEAS CORPUS** |

**DECLARATION OF MITRA EBADOLAHI**

I, Mitra Ebadolahi, hereby declare as follows:

1.   I am an attorney licensed to practice in California and before this Court. I am a Senior Staff Attorney with the ACLU of San Diego & Imperial Counties and counsel of record for Plaintiff-Petitioners ("Petitioners"). I have personal knowledge of the facts set forth below and if called to testify, I could and would do so competently.

2.   Attached hereto as Exhibit A is an excerpt of a true and correct copy of Mr. George Martinez Ridley's "Motion for District Court Review of Detention Order," filed on April 15, 2020 in *United States v. Ridley*, No. 3:19-cr-4905 (DMS). By way of that motion, Mr. Ridley, who is also a petitioner in this action, has sought a redetermination of his detention order in light of the COVID-19 outbreak at the Otay Mesa Detention Center, or, in the alternative, temporary relase pursuant to 18 U.S.C. § 3142(i). I have highlighted the relevant language from the excerpt for the Court's convenience.

3.   Attached hereto as Exhibit B is an excerpt of a true and correct copy of the "United States' Response in Opposition to Defendant's Motion for District Court Review of Detention Order, Together with Statement of Facts and Memorandum of Points and Authorities," filed by Assistant United States Attorney Katherine E. A. McGrath on April 17, 2020 in *United States v. Ridley*, No. 3:19-cr-4905 (DMS). I have highlighted the relevant language from the excerpt for the Court's convenience, and reproduce part of it here:

> Defendant's reliance on § 3142(i) fails as well. Section 3142(i) allows a judicial officer to "permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Courts have used this provision "sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Boatwright*, 2020 WL 1639855, at *4 (D. Nev. April 2, 2020) (quoting *United States v.*

*Hamilton*, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020) (citation omitted).... Defendant's motion should be denied on this ground as well.

*United States v. Ridley*, No. 3:19-cr-4905 (DMS), Dkt. No. 29, at 8–10 (S.D. Cal. Apr. 17, 2020).

4. Attached hereto as Exhibit C is an excerpt of a true and correct copy of the "Contested Joint Motion for Reconsideration of Release Order," filed by Lee Kennedy and Assistant United States Attorney Joseph Smith on April 3, 2020, in *United States v. Kennedy*, No. 3:19-cr-3374 (AJB). I have highlighted the relevant language from the excerpt ("Position of the United States") for the Court's convenience, and reproduce it here:

> In this case, none of the 3142(g) factors has changed in the months since this Court ordered Defendant released, subject to a $30,000 bond. Instead, Defendant focuses his motion solely on the health risks he faces from a potential COVID-19 outbreak. To be sure, the Bail Reform Act instructs the Court to consider a defendant's own "physical and mental health," 18 U.S.C. § 3142(g)(3)(A), but the general existence of a pandemic does not have significant bearing on that assessment. Currently, there are no known COVID-19 positive criminal inmates in any of the USMS facilities or MCC. [. . .] Defendant relies on the possibility that he will become infected by someone else at the facility. Even if this Court could weigh such a speculative risk (and properly discount it by risk of Defendant's becoming infected in the community), Defendant's concern is misplaced.

*United States v. Kennedy*, No. 3:19-cr-3374 (AJB), Dkt. No. 216, at 10 (S.D. Cal. Apr. 3, 2020).

5. Attached hereto as Exhibit D is an excerpt of a true and correct copy of the "United States' Response in Opposition to Defendant's Motion to Reconsider Detention," filed on April 21, 2020 by Assistant United States Attorney Andrew. J. Galvin in *United States v. Broderick*, No. 3:19-cr-4780 (GPC). I have highlighted the relevant language from the excerpt for the Court's convenience, and reproduce it here:

> Defendant urges this court to reconsider its detention order primarily based on the increased risks of COVID-19 infection in the facility where

> he is being housed. The United States is cognizant of these risks and, in appropriate cases, has joined in requests to reduce bond or reconsider detention. But "as concerning as the COVID-19 pandemic is," whether release or detention is appropriate must still rest on "an individualized assessment of the factors identified by the Bail Reform Act, 18 U.S.C. § 3142(g)." *United States v. Martin*, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020). Here, the § 3142(g) factors simply do not support setting bond as Defendant proposes.
>
> [. . .]
>
> Nothing about the COVID-19 pandemic materially changes Defendant's incentives to flee. 18 U.S.C. § 3142(e). Defendant remains subject to significant penalties upon conviction. See generally USSG § 2B1.1. Indeed, his belief that incarceration increases his chances of infection—a belief evidenced by his bail motion—suggests that his incentives to avoid punishment have increased. Moreover, during a time when community and law- enforcement resources are devoted to fighting COVID-19, it may be easier for a motivated defendant to abscond. See *United States v. Barai*, No. 2:16-cr-00217-MCE, 2020 WL 1812161, at *2 (E.D. Cal. Apr. 9, 2020) (finding defendant to be "even more of a flight risk," because of the COVID-19 outbreak, given the increased burdens on law enforcement officers that "could very likely make it easier for defendants to escape, to cross a border, or to go into hiding.").

*United States v. Broderick*, No. 3:19-cr-4780 (GPC), Dkt. No. 43, at 2, 3–4 (S.D. Cal. Apr. 21, 2020).

6.   Attached hereto as Exhibit E is an excerpt of a true and correct copy of the "United States' Response in Opposition to Defendant's Motion to Review Conditions of Relief Under 18 U.S.C. § 3145(b)," filed on April 8, 2020 by Assistant United States Attorney Stephen H. Wong in *United States v. Mayne Garcia*, No. 2:20-MJ-0780 (KSC) (GPC). I have highlighted the relevant language from the excerpt for the Court's convenience, and reproduce it here:

> Defendant's request for release from custody is based largely on the increased risks of COVID-19 infection in the facility where he is being housed. The United States is cognizant of these risks and, in appropriate cases, has joined in requests to reduce bond or reconsider detention. But "as concerning as the COVID-19 pandemic is," whether release or detention is appropriate must still rest on "an individualized assessment of the factors identified by the Bail Reform Act, 18 U.S.C. § 3142(g)."

4

> *United States v. Martin*, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020). Here, the § 3142(g) factors do not support revoking the detention order and setting bond at the $10,000 amount Defendant's proposes.
>
> The United States recognizes that "the COVID-19 outbreak is unprecedented and poses a heightened risk to those in this nation's prisons and jails." *United States v. Carver*, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020). Nevertheless, given the steps taken by the Bureau of Prisons and other facilities to manage the risk of transmission, the mere threat of COVID-19 infection—standing alone—is not sufficient to revoke the Magistrate Judge's detention order.

*United States v. Mayne Garcia*, No. 2:20-MJ-0780 (KSC) (GPC), Dkt No. 21, at 5 (S.D. Cal. Apr. 8, 2020). The excerpt also includes the following:

> The United States recognizes that even with the efforts of BOP and other facilities, there is still a risk of COVID-19 transmission in custodial settings, and that risk will likely increase as the outbreak spreads. Nevertheless, this generalized risk cannot be permitted to overwhelm the careful balance of factors prescribed by Congress in determining whether he is properly subject to pretrial detention. "No matter the heightened risks intrinsic to prison populations as a matter of public health," courts should not order pretrial release "as a matter of law . . . just because of the current pandemic's generic risks." *United States v. Villegas*, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020). Instead, this Court must still evaluate the § 3142(g) factors to determine whether detention or bond is appropriate, based on the facts of each individual case. *See United States v. Penaloza*, 2020 WL 1555064, at *1 (D. Md. Apr. 1, 2020) ("[T]he mere presence of the [Covid-19] virus, even in the detention setting, does not automatically translate to the release of a person accused"); *United States v. Lee*, 2020 WL 1540207, at at *3 (E.D. Mich. Mar. 30, 2020) ("[T]he COVID-19 pandemic cannot be the sole basis for releasing a defendant from custody pending trial; the Court must still consider the Section 3142(g) factors.").

*Id.* at 8.

7. Attached hereto as Exhibit F is an excerpt of a true and correct copy of the "Contested Joint Motion for Release Prior to Sentencing," filed on April 6, 2020 by Salvador Moreno Hernandez, Jr. and Assistant United States Attorney Janet Cabral in *United States v. Moreno Hernandez, Jr.*, No. 3:19-cr-2298 (AJB). I have

highlighted the relevant language from the excerpt ("Position of the United States") for the Court's convenience, and reproduce it here:

> In this case, none of the § 3142(g) factors have changed in the 11 months since Magistrate Judge Schopler set bond in this case, or in the 9 months since this Court denied Defendant's appeal of his motion to modify that bond. Instead, Defendant focuses his motion solely on the health risks he faces from a potential COVID-19 outbreak. To be sure, the Bail Reform Act instructs the Court to consider a defendant's own "physical and mental health," 18 U.S.C. § 3142(g)(3)(A). The United States is mindful of Defendant's elevated risk of contracting COVID-19 due to his underlying health issues, and is further mindful of the serious risk this poses to Defendant's health. However, the general existence of a pandemic, and even Defendant's elevated risk associated with his underlying medical conditions, does not control the consideration of the appropriate bond. Defendant does not claim to be infected with the COVID-19. Instead, he relies on the possibility that he will become infected by someone else at the facility.

*United States v. Moreno Hernandez, Jr.*, No. 3:19-cr-2298 (AJB), Dkt No. 40, at 11 (S.D. Cal. Apr. 6, 2020)

8.  Attached hereto as Exhibit G is an excerpt of a true and correct copy of the "Contested Joint Motion for Modification of Release Conditions," filed on March 25, 2020 by Amaury Rocha and Assistant United States Attorney Lyndzie M. Carter in *United States v. Rocha*, No. 2:20-mj-9018 (RBM). I have highlighted the relevant language from the excerpt ("Position of the United States") for the Court's convenience, and reproduce it here:

> In this case, none of the 3142(g) factors has changed in the 5 days since the Court ordered Defendant released on a $25,000 bond. Instead, Defendant focuses his motion solely on the health risks he faces from a potential COVID-19 outbreak. To be sure, the Bail Reform Act instructs the Court to consider a defendant's own "physical and mental health," 18 U.S.C. § 3142(g)(3)(A), but the general existence of a pandemic does not have significant bearing on that assessment. Currently, there are no reported cases of COVID-19 at any of the local facilities operated by the Bureau of Prisons (BOP). And Defendant does not claim to be infected with the coronavirus such that he might cause an outbreak himself. Instead, Defendant relies on the possibility that he will become infected by someone else at the facility. Even if this Court could weigh such a

>speculative risk (and properly discount it by risk of Defendant's becoming infected in the community), Defendant's concern is misplaced.

*United States v. Rocha*, No. 2:20-mj-9018 (RBM), Dkt No. 11, at 10 (S.D. Cal. Mar. 25, 2020).

9.   Attached hereto as Exhibit H is an excerpt of a true and correct copy of the "United States' Opposition to Defendant's Appeal of Detention Order," filed on April 15, 2020 by Assistant United States Attorney Brandon J. Kimura in *United States v. Rodriguez*, No. 2:20-mj-8756 (RBM) (GPC). I have highlighted the relevant language from the excerpt for the Court's convenience, and reproduce it here:

>The United States recognizes that even with the efforts of BOP and other facilities, there is still a risk of COVID-19 transmission in custodial settings, and that risk will likely increase as the outbreak spreads. Nevertheless, this generalized risk cannot be permitted to overwhelm the careful balance of factors prescribed by Congress in determining whether Defendant is properly subject to pretrial detention. "No matter the heightened risks intrinsic to prison populations as a matter of public health," courts should not order pretrial release "as a matter of law . . . just because of the current pandemic's generic risks." *United States v. Villegas*, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020). Instead, this Court must still evaluate the § 3142(g) factors to determine whether detention or bond is appropriate, based on the facts of each individual case. See *United States v. Penaloza*, 2020 WL 1555064, at *1 (D. Md. Apr. 1, 2020). ("[T]he mere presence of the [Covid-19] virus, even in the detention setting, does not automatically translate to the release of a person accused")….

*United States v. Rodriguez*, No. 2:20-mj-8756 (RBM) (GPC), Dkt No. 21, at 8 (S.D. Cal. Apr. 15, 2020).

10.   Attached hereto as Exhibit I is an excerpt of a true and correct copy of the "Contested Joint Motion to Amend Conditions of Release," filed on March 31, 2020 by Luis Antonio Ruiz-Acosta and Assistant United States Attorney Adam Gordon in *United States v. Ruiz-Acosta*, No. 3:20-cr-961 (LAB). I have highlighted the relevant language from the excerpt ("Position of the United States") for the Court's convenience, and reproduce it here:

> In this case, none of the 3142(g) factors has changed in the seven weeks since this Court ordered Defendant's release only upon posting a $35,000 cash or corporate surety bond. Instead, Defendant focuses his motion solely on the health risks he faces from a potential COVID-19 outbreak. To be sure, the Bail Reform Act instructs the Court to consider a defendant's own "physical and mental health," 18 U.S.C. § 3142(g)(3)(A), but the general existence of a pandemic does not have significant bearing on that assessment. Currently, there are no reported cases of COVID-19 at any of the local facilities operated by the Bureau of Prisons (BOP). And Defendant does not claim to be infected with the coronavirus such that he might cause an outbreak himself. Instead, Defendant relies on the possibility that he will become infected by someone else at the facility. Even if this Court could weigh such a speculative risk (and properly discount it by risk of Defendant's becoming infected in the community), Defendant's concern is misplaced.

*United States v. Ruiz-Acosta*, No. 3:20-cr-961 (LAB), Dkt No. 18, at 16–17 (S.D. Cal. Mar. 31, 2020).

11.  Attached hereto as Exhibit J is an excerpt of a true and correct copy of the "United States' Response in Opposition to Defendant's Motion for Bond Pending Sentencing," filed on April 23, 2020 by Assistant United States Attorney Brandon J. Kimura in *United States v. Smith*, No. 3:19-cr-1270 (W) (BGS). I have highlighted the relevant language from the excerpt for the Court's convenience, and reproduce it here:

> Nothing about the COVID-19 pandemic materially changes Defendant's incentives to flee. 18 U.S.C. § 3142(c). As to risk of flight, Defendant remains subject to near certain incarceration, after his sentencing hearing, with a maximum sentence of 10 years and a likely guideline range of 21-27. Indeed, his belief that incarceration increases his chances of infection—a belief evidenced by his bail motion—suggests that his incentives to avoid punishment have increased. Moreover, during a time when community and law- enforcement resources are devoted to fighting COVID-19, it may be easier for a motivated defendant to abscond. *See United States v. Barai*, No. 2:16-cr-00217-MCE, 2020 WL 1812161, at *2 (E.D. Cal. Apr. 9, 2020) (finding defendant to be "even more of a flight risk," because of the COVID-19 outbreak, given the increased burdens on law enforcement officers that "could very likely make it easier for Defendant to escape,

8

to cross a border, or to go into hiding").
*United States v. Smith*, No. 3:19-cr-1270 (W) (BGS), Dkt. No. 51, at 4 (Apr. 23, 2020).

I declare under penalty of perjury of the laws of the State of California and the United States of America that the foregoing statements are true and correct.

Executed this 4th day of May, 2020, in San Diego, California.

                                      */s/ Mitra Ebadolahi*
                                      Mitra Ebadolahi