ROBERT S. BREWER, JR., Calif. Bar No. 65294
United States Attorney
BRETT NORRIS, Calif. Bar No. 224875
Deputy Chief, Civil Division
PAUL STARITA, Calif. Bar No. 219573
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7620 / 619-546-7751 (fax)
brett.norris@usdoj.gov
douglas.keehn@usdoj.gov, paul.starita@usdoj.gov

ATTORNEYS FOR RESPONDENTS

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACINTO VICTOR ALVAREZ, JOSEPH BRODERICK, MARLENE CANO, JOSE CRESPO-VENEGAS, NOE GONZALEZ-SOTO, VICTOR LARA-SOTO, RACQUEL RAMCHARAN, GEORGE RIDLEY, MICHAEL JAMIL SMITH, LEOPOLDO SZURGOT, JANE DOE on behalf of themselves and those similarly situated, | Case No. 20-CV-00782-DMS-AHG **EX PARTE APPLICATION FOR ORDER STAYING DISCOVERY ORDER [ECF No. 94]** |
| Petitioners, | |
| v. | Hon. Dana M. Sabraw |
| CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, | |
| STEVEN C. STAFFORD, United States Marshal for the Southern District of California, | |
| DONALD W. WASHINGTON, Director of the United States Marshals Service, | |
| Respondents. | |

Following their Notice of Intent to Object to the Magistrate Judge's September 18, 2020 Order ("the Discovery Order"),[1] Respondents, Donald T. Washington, Director, United States Marshals Service, and Steven C. Stafford, United States Marshal for the Southern District of California, respectfully move Ex Parte for an Order staying the Discovery Order.[2]

This is a Habeas Corpus action.[3] Petitioners are "Pretrial and Post-Conviction" federal criminal detainees at the Otay Mesa Detention Center ("OMDC").[4]   On August 24, 2020, Petitioners' counsel asked that their correctional healthcare expert be permitted to inspect OMDC so that they can "evaluate whether to move for a preliminary injunction or other appropriate relief re: reforms to the detention practices at Otay Mesa in light of the continued COVID-related crisis there. . . ."[5]  Respondents declined Petitioners' request, in part because there has not been a single case of COVID-19 amongst the general housing units at OMDC since May 28, 2020.[6]   Because they could not agree on an inspection, Petitioners and Respondents filed a Joint Motion for Determination of Rule 34 Site Inspection Discovery Dispute with the Magistrate Judge on September 10, 2020.[7]

On September 18, 2018, the Magistrate Judge issued the Discovery Order, granting in part, and denying in part, Petitioners' inspection request.[8]  Among other things, the Discovery Order requires that: (1) the inspection take place no later than October 9, 2020 (within 21 days of the Discovery Order)[9]; (2) Petitioners and Respondents meet and confer regarding a "protocol to make confidential interviews of inmates feasible without creating

---

[1] ECF No. 95.
[2] ECF No. 94.
[3] ECF No. 1.
[4] ECF No. 2 at p. 3:7-19.
[5] ECF No. 90-6 at p. 4.
[6] *See* declaration of Chief Deputy U.S. Marshal Keith Johnson, ECF No. Doc. 90-11 at ¶ 4.
[7] ECF No. 89.
[8] ECF No. 94.
[9] *Id.* at p. 23:17-19.

1   health or safety concerns;"[10] and (3) the parties provide a brief status report to the Magistrate

2   Judge no later than September 23, 2020, if they are unable to agree on a health and safety

3   protocol for the inspection.[11]

4        Respondents will file an objection to the Discovery Order pursuant to Fed. R. Civ. P.

5   72.[12] Under that Rule, Respondents have 14 days – until October 2, 2020 – to file their

6   objection with this Court.

7        Respondents respectfully move for a stay of the Discovery Order until after this Court

8   has ruled on Respondents' forthcoming objection.  Because Respondents' objection cannot

9   be filed, considered, and ruled upon before the Discovery Order's deadlines arise (which

10  likely includes the October 9, 2020 inspection deadline), Respondents' right to object under

11  Rule 72 will be effectively negated if a stay is not granted.[13]  A stay preserves the status quo

12  and avoids planning and preparation for an inspection that Respondents believe is

13  unwarranted given the surrounding facts and circumstances.

14        DATED: September 20, 2020          Respectfully submitted,

15

16                                          ROBERT S. BREWER JR.

17                                          United States Attorney

18

19                                          s/ Brett Norris
                                            BRETT NORRIS

20                                          Deputy Chief, Civil Division

21                                          s/ Paul Starita

22                                          PAUL STARITA
                                            Assistant U.S. Attorney

23                                          Attorneys for Respondents

24  _____

25  [10] *Id.* at p. 24:25 - 27.
    [11] *Id.* at p. 24:27 - 25:2.

26  [12] ECF No. 95

27  [13] *See Zargarian v. BMW of North America, LLC*, No. CV 18-4857-RSWL (PLAx), 2019
    WL 6111734 at * 1 (C.D. Cal. October 15, 2019) (granting defendant's stay request pending

28  the District Court's review of defendant's Rule 72 objection and noting that denial of a stay
    would deprive defendant of its right to seek District Judge review of the discovery order.)