1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10

11  JACINTO VICTOR ALVAREZ, JOSEPH          Case No.:  3:20-cv-00782-DMS-AHG
    BRODERICK, MARLENE CANO, JOSE
12  CRESPO-VENEGAS, NOE                      **ORDER GRANTING IN PART AND
    GONZALEZ-SOTO, VICTOR LARA-              DENYING IN PART
13  SOTO, RACQUEL RAMCHARAN,                 RESPONDENTS' EX PARTE
    GEORGE RIDLEY, MICHAEL JAMIL             MOTION TO STAY
14                                           IMPLEMENTATION OF ORDER**
    SMITH, LEOPOLDO SZURGOT, JANE
15  DOE, *on behalf of themselves and those
    similarly situated*,                     **[ECF No. 96]**
16
17              Plaintiffs-Petitioners,
18  v.
19
    CHRISTOPHER J. LAROSE, Senior
20  Warden, Otay Mesa Detention Center, *et
    al.*,
21
22              Defendants-Respondents.
23
24
25
26
27
28

1

## I.  BACKGROUND

On September 18, 2020, the undersigned issued an Order Granting in Part and Denying in Part Petitioners' Motion for a Rule 34 Site Inspection (the "Discovery Order"). ECF No. 94. On September 20, 2020, Respondents filed a Notice of Intent to File Objection (ECF No. 95) to the Discovery Order pursuant to Fed. R. Civ. P. 72(a), as well as an *Ex Parte* Application for Order Staying Discovery Order (ECF No. 96) ("Motion to Stay").

In the Discovery Order, the Court granted Petitioners' request that Petitioners' expert be permitted to conduct a Rule 34 site inspection of the Otay Mesa Detention Facility ("OMDC"), and ordered the inspection take place by October 9, 2020, although the Court imposed certain constraints on the inspection beyond those requested by Petitioners. ECF No 94 at 23-24. Additionally, the Court ordered the parties to meet and confer to try to agree to appropriate health and safety protocols to allow Petitioners' expert to interview OMDC detainees confidentially. *Id.* at 24. Finally, if the parties cannot reach an agreement through the meet-and-confer process, the Court ordered the parties to provide a status report to the Court by September 23, 2020 outlining each side's proposed interview protocols. *Id.* at 24-25.

In support of the Motion to Stay, Respondents explain that they plan to file objections to the Discovery Order within the 14-day deadline set forth in Rule 72(a), or by October 2, 2020. ECF No. 96 at 3. Respondents are concerned that because their objection "cannot be filed, considered, and ruled upon before the Discovery Order's deadlines arise[,]" their right to object under Rule 72 "will be effectively negated if a stay is not granted." *Id.* Therefore, Respondents ask that implementation of the Discovery Order be stayed pending the District Judge's ruling on the forthcoming objection.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters, such as discovery motions, may be decided by a magistrate judge. Fed. R. Civ. P. 72(a). However, a magistrate judge's ruling on a non-dispositive matter is subject to reconsideration by the district judge, if a party serves and files objections to the order within

14 days. *Id.* Upon a party's timely objection, the district judge may modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." *Id. See also* 28 U.S.C. § 636(b)(1)(A).

Filing an objection pursuant to Rule 72 does not automatically stay the magistrate judge's order. *See, e.g.*, *Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 656–57 (D. Colo. 2001); *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989); *Prendergast v. Fundamental Long Term Care Holdings*, LLC, No. CV 07-1265 CEG/LFG, 2009 WL 10700033, at *1 (D.N.M. Feb. 10, 2009). If that were the case, "parties could use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial, regardless of the merits of the objection." *Esparza*, 200 F.R.D. at 657.

Nonetheless, "[n]othing, of course, prevents a party in an appropriate case from seeking a stay of the effect of a magistrate judge's order[,]" as Respondents have done here. *Id.* In considering whether to grant a motion to stay the effect of a magistrate judge's order, many courts have applied the same four-factor test that applies to the stay of a district court order pending appellate review: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest. *See, e.g.*, *In re Republic of Ecuador*, No. 10-MC-80087 CRB (NC), 2012 WL 13187177, at *2 (N.D. Cal. Mar. 30, 2012) (applying the four-factor test because the motion to stay the effect of the magistrate judge's order pending resolution of Rule 72 objections "is akin to a motion for stay pending appeal"); *LEG Q LLC v. RSR Corp.*, No. 3:17-CV-1559-N-BN, 2017 WL 4222690, at *2 (N.D. Tex. Sept. 22, 2017) ("The Court determines, as other courts have concluded, that the general, four-factor test for a stay pending appeal governs the analysis of a request for a stay pending an objection or appeal of a magistrate judge's order resolving a non-dispositive matter") (citing *Jenkins v. Robotec, Inc.*, No. CIV.A. 1:09CV150HSOJM, 2009 WL 5166252, at *2 (S.D. Miss. Dec.

29, 2009)). *Cf. Coleman v. Schwarzenegger*, No. C01-1351 TEH, 2008 WL 2468492, at *4–5 (E.D. Cal. June 17, 2008) (applying the four-factor test to the defendants' request to stay the magistrate judge's order pending appellate review, raised by the defendants in the alternative to their Rule 72(a) objections to the district court).

### III.    DISCUSSION

Respondents have not yet filed their objections, nor does either the Notice of Intent to File Objection or the Motion to Stay set forth the specific anticipated grounds for the Rule 72 objection. Instead, Respondents state only that a stay "preserves the status quo and avoids planning and preparation for an inspection that Respondents believe is unwarranted given the surrounding facts and circumstances." ECF No. 96 at 3. Without more detail, it is difficult to evaluate whether the standard for a stay is met pursuant to the relevant four-factor test. And, particularly given the broad deference afforded to magistrate judges' decisions upon review by the district judge under Rule 72, the undersigned cannot say that Respondents have shown a "likelihood of success on the merits" of their forthcoming objection simply by stating they believe the inspection is "unwarranted given the surrounding facts and circumstances."

Nonetheless, the undersigned agrees that requiring the inspection to go forward by the existing deadline of October 9, 2020 might preclude the district judge's ability to review Respondents' anticipated Rule 72 objection, which would effectively deprive Respondents of their right to reconsideration of the Discovery Order by the district judge altogether. Moreover, other courts have admonished parties who plan to file Rule 72 objections to magistrate judges' orders for failing to file immediate *ex parte* applications to stay implementation of the orders, instead waiting to raise their stay requests concomitantly with the objections. *See, e.g.*, *Fourth Age Ltd. v. Warner Bros. Digital Distribution Inc*, No. CV129912ABCSJHX, 2014 WL 12587039, at *2 (C.D. Cal. May 22, 2014) (criticizing a party for seeking a stay of a magistrate judge's order in that party's motion for review of the order, rather than seeking such relief through an *ex parte* application, because "[a]s presented, the question of a stay pending resolution of the Motion [for Review] is to be

resolved on the same schedule as the Motion itself, thereby necessarily rendering the stay request moot by the time it became ripe for decision."). Applying that reasoning, the undersigned concludes it would be unfair to penalize Respondents for failing to show the likelihood that their forthcoming objections will succeed by providing a rushed preview of the objections in their Motion to Stay, when Respondents' ability to seek a stay at all might be jeopardized if they wait too long to do so.

Under such circumstances, the Court finds it appropriate to stay implementation of the substantive relief granted to Petitioners by the Discovery Order notwithstanding the sparseness of Respondents' Motion to Stay. *See Zargarian v. BMW of N. Am., LLC*, No. CV184857RSWLPLAX, 2019 WL 6111734, at *1 (C.D. Cal. Oct. 15, 2019) (admonishing a defendant for failing to move for a stay of a discovery order until one week after the deadline for compliance with the order, but nevertheless granting the stay because a denial "would deny defendant of its right to have Local Rule 72 District Judge review of the Discovery Order"); *Dayco Prod., Inc. v. Walker*, 142 F.R.D. 450, 454 (S.D. Ohio 1992) (explaining that "[t]he purpose of the stay proceeding" in that district's local rules, providing that a magistrate judge's ruling on a non-dispositive motion remains in effect unless stayed, "is to preserve critical rights from being lost irretrievably pending objections or to maintain the status quo when a close question of law is involved in the nondispositive matter."). Because the October 9, 2020 deadline for the Rule 34 site inspection is likely too soon to allow for meaningful review of the Discovery Order, that deadline is hereby **STAYED** pending the District Judge's resolution of Respondents' forthcoming Rule 72 objection.

However, the Court **DENIES** Respondents' Motion to Stay insofar as it seeks a stay of the deadline for the parties to meet and confer to discuss the feasibility of health and safety protocols for any site inspection that does take place, and the related deadline to provide a status report to the Court regarding the parties' respective proposals if they cannot agree. Regardless of whether the Discovery Order is ultimately overturned by the District Judge, it is unclear how being required to meet and confer with opposing counsel

to discuss safety protocols is burdensome, let alone how having to do so would rise to the level of irreparable harm or deprive Respondents of meaningful review of the substantive relief granted by the Discovery Order. Meeting and conferring generally to discuss disputed discovery issues simply constitutes good practice—one that is strongly encouraged by the Civil Local Rules. *See* Civ.LR 26.1(a). And, in light of the deference afforded non-dispositive orders by magistrate judges under Rule 72, the undersigned finds it more likely than not that it will be beneficial for the parties to begin preparing now for a possible site inspection.

## IV.    CONCLUSION

For the foregoing reasons, Respondents' *Ex Parte* Application for Order Staying Discovery Order (ECF No. 96) is **GRANTED IN PART** and **DENIED IN PART**.

The October 9, 2020 deadline for Petitioners' expert to conduct a site inspection of OMDC is hereby **STAYED**, pending the District Judge's resolution of Respondents' forthcoming objection to the undersigned's Discovery Order (ECF No. 94).

However, the parties' September 23, 2020 deadline to meet and confer regarding health and safety protocols for any such inspection, as well as to provide a status report to the Court regarding the same if they cannot agree, remains in place. The request to stay that deadline is **DENIED**.

**IT IS SO ORDERED.**


Dated:  September 21, 2020

Honorable Allison H. Goddard
United States Magistrate Judge