# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACINTO VICTOR ALVAREZ, JOSEPH BRODERICK, MARLENE CANO, JOSE CRESPO-VENEGAS, NOE GONZALEZ-SOTO, VICTOR LARA-SOTO, RACQUEL RAMCHARAN, GEORGE RIDLEY, MICHAEL JAMIL SMITH, LEOPOLDO SZURGOT, JANE DOE, on behalf of themselves and those similarly situated,<br><br>　　　　　　Plaintiffs-Petitioners,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>　　　　　　Defendants-Respondents. | Case No.:  20-cv-00782-DMS (AHG)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DENY PETITION FOR WRIT OF HABEAS CORPUS AND INJUNCTIVE AND DECLARATORY RELIEF** |

This case comes before the Court on Defendants' motion to deny the petition for writ of habeas corpus and injunctive and declaratory relief.  In a November 18, 2020 Order, the Court construed the motion as one to dismiss, and ordered the parties to complete briefing on the motion, which they have done.  For the reasons set out below, the motion is denied.

# I.

# DISCUSSION

Defendants move to dismiss this case for lack of subject matter jurisdiction and for failure to state a claim. Although Defendants set out the legal standards for both types of dismissals, (*see* Mot. at 7-9), not all of their arguments fit neatly into those categories. Nevertheless, the Court addresses those arguments below.

First, Defendants appear to argue that the Bail Reform Act and an April 6, 2020 Attorney General Memorandum "are the only appropriate legal avenue[s] through which Petitioners may seek release due to the threat to health and safety posed by COVID-19." (*Id.* at 9.) The Court respectfully disagrees with this argument. As explained in the Court's orders on Plaintiffs' motions for a temporary restraining order and motion for preliminary injunction, the Court construes Plaintiffs' claims as attacking the conditions of Plaintiffs' confinement, and those claims are cognizable outside the confines of the Bail Reform Act. *See Bacon v. Core Civic*, No. 2020CV00914JADVCF, 2020 WL 3100827, at *6 (D. Nev. June 10, 2020) ("injunctive relief to put an end to an Eighth Amendment violation may be available where a plaintiff states a colorable Eighth Amendment claim, invokes jurisdiction under 28 U.S.C. § 1331, and asks the court to exercise its traditional powers of equity in constitutional suits seeking injunctive relief against federal officers in their official capacity."); *Wilson v. Ponce*, 465 F. Supp. 3d 1037, 1047 (C.D. Cal. 2020) (stating challenges "to conditions of confinement are generally brought pursuant to a civil rights statute, such as § 1983 or Bivens.") Accordingly, this argument does not warrant dismissal.[1]

---

[1] Defendants raise a related argument, namely that the habeas statute, 28 U.S.C. § 2241, does not provide a basis for this Court to exercise jurisdiction over this case. (*See* Mot. at 15-16.) Defendants suggest the habeas statute is the only alleged basis for this Court's jurisdiction, (*id.* at 15), but Plaintiffs allege other bases, as well. (*See* Compl. ¶14) (citing 28 U.S.C. §§ 2241, 1331, 1346, 1361 and the Suspension Clause as bases for Court's

Perhaps recognizing that there are other avenues through which Plaintiffs may seek relief, Defendants next argue that the Prison Litigation Reform Act ("PLRA") "precludes this Court from ordering the primary relief Petitioners seek here[,]" namely release from Otay Mesa Detention Center ("OMDC"). (Mot. at 12.) As with the argument discussed above, the Court addressed this argument in its orders on Plaintiffs' motions for a temporary restraining order and motion for preliminary injunction. In those orders, the Court recognized that the remedy of release under the PLRA is strictly limited, but those limitations do not require dismissal of the case.

Next, Defendants argue the case should be dismissed because Plaintiffs have failed to exhaust their administrative remedies. Plaintiffs do not dispute that their conditions claims are subject to exhaustion. Instead, they assert that administrative remedies were not available, therefore they were not required to exhaust.[2]

Title 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850 (2016), the Court interpreted "available" remedies as those "that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id.* at 1859 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). Here, Plaintiffs assert that the grievance procedures at OMDC did not provide them with an available remedy for three reasons: (1) grievance forms were not consistently available, (2) the grievance procedure for medical care claims was unclear, and (3) there was no provision for marking a grievance as urgent. (Opp'n to

---

subject matter jurisdiction). Accordingly, this argument does not warrant dismissal of the case.

[2] Plaintiffs also argue that the PLRA's exhaustion requirement does not apply to their habeas claims. Because the Court construes Plaintiffs' claims as conditions claims only, the Court does not address the parties' arguments concerning exhaustion of any habeas claims.

3

Mot. at 23-25.) In support of these assertions, Plaintiffs rely on evidence submitted with their Complaint, as well as evidence submitted by Defendants in support of the present motion. Plaintiffs' evidence reflects that grievance forms were not always available. (*See* Decl. of Joseph Broderick in Supp. of Compl. ¶6, ECF No. 1-8) (stating slot where grievance forms are found "was empty for 4-5 days prior to my filing my grievance.") At a minimum, this evidence raises a genuine issue of material fact about whether the grievance procedure at OMDC provided the prisoners with available remedies. *See Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (remanding case to determine whether prisoner had opportunity to file grievance within requisite time frame). Accordingly, Defendants' exhaustion argument does not mandate dismissal of the Complaint at this time.

Defendants' final argument is that this case should be dismissed because Defendants are without authority to release Plaintiffs. Defendants appear to assert that since Plaintiffs are in custody pursuant to orders of magistrate or district judges from this Court, only those judges may order Plaintiffs' release. The Court disagrees with this argument. Clearly, Defendant LaRose is a proper defendant in this case. *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Demjanjuk v. Meese*, 784 F.2d 1114, 1115 (D.C. Cir. 1986) (Bork, J., in chambers)) ("The proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian.'") And on habeas, petitioners do not, and need not, seek release from the judge or court that remanded them into custody. Thus, this argument also does not warrant dismissal.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## II.
## CONCLUSION

For the reasons set out above, Defendants' motion to dismiss this case is denied.

**IT IS SO ORDERED**.

Dated: February 8, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court