RANDY S. GROSSMAN
United States Attorney
COLIN M. MCDONALD, Calif. Bar No. 286561
SAMUEL W. BETTWY, Calif. Bar No. 94918
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Phone: 619-546-9144 / 619-546-7125
Fax: 619-546-7751
colin.mcdonald@usdoj.gov / samuel.bettwy@usdoj.gov

Attorneys for Federal Respondents

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMIL SMITH, JOSE CRESPO-VENEGAS, <br><br> Plaintiff-Petitioners, <br><br> v. <br><br> CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, <br><br> STEVEN C. STAFFORD, United States Marshal for the Southern District of California, <br><br> RONALD L. DAVIS, Director of the United States Marshals Service, <br><br> Defendant-Respondents. | Case No. 20-CV-00782-DMS-AHG <br><br> **RESPONSE IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> Hearing Date: March 3, 2023 <br> Time: 1:30 p.m. <br> Courtroom: 13A <br> Hon. Dana M. Sabraw |

In the face of the Federal Respondents' motions at ECF No. 195, nine of the eleven petitioners in this case agreed "dismissal [was] the appropriate course of action" for this case, ECF No. 205, and this Court subsequently dismissed the claims of those nine petitioners, ECF No. 209. The final two petitioners—Jose Crespo-Venegas and Michael Jamil Smith—have not opposed the Federal Respondents' motions and are not in contact with their attorneys. *See e.g.,* ECF No. 205 at 2 n.1. They have not been detained at the Otay Mesa Detention Center since July 6, 2020, and July 20, 2020, respectively. *See* ECF No.

195 at 3. Accordingly, for the reasons outlined in the Federal Respondents' motion, their claims are moot and should be dismissed with prejudice for lack of subject matter jurisdiction.

Independently, given that Crespo-Venegas and Smith failed to respond to the Federal Respondents' motion, this Court should consider the motion unopposed and grant the motion on that alternative basis pursuant to Local Civil Rule 7.1.f.3.c ("If an opposing party fails to file the papers in the manner required by [the Local Rules], that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.").

Due process is not a concern here—Crespo-Venegas and Smith were represented by counsel, who decided not to oppose the motion filed by the Federal Respondents. Moreover, similarly situated petitioners agreed to dismiss their claims in the face of the Federal Respondents' motion after consulting with counsel. *See, e.g.*, *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 319 (1950) ("The rights of each in the integrity of the fund and the fidelity of the trustee are shared by many other beneficiaries. Therefore notice reasonably certain to reach most of those interested in objecting is likely to safeguard the interests of all, since any objections sustained would inure to the benefit of all. We think that under such circumstances reasonable risks that notice might not actually reach every beneficiary are justifiable."); *see also id.* at 317 ("Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights.").

This case should therefore be closed in its entirety.

DATED: February 22, 2023

Respectfully submitted,
*s/ Colin M. McDonald*
COLIN M. MCDONALD
SAMUEL W. BETTWY
Assistant U.S. Attorneys

Attorneys for the USMS